UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM R. STEWART, Jr. | ) |
| | ) |
| v. | ) NO. 2:05-CV-206 |
| | ) |
| PHIL BREDESEN; JOHNSON COUNTY | ) |
| JAIL; ROGER GENTRY, Sheriff; | ) |
| KATHY TERRILL, Chief Jailer; and | ) |
| AMANDA COLEMAN, Nurse Asst. | ) |

### MEMORANDUM and ORDER

*Pro se* state prisoner William R. Stewart, Jr. brings this civil rights complaint under 42 U.S.C. § 1983, seeking injunctive relief from alleged unconstitutional conditions in the Johnson County jail in Mountain City, Tennessee. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915(b)(1).

The custodian of inmate trust accounts at the Johnson County jail is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's inmate trust account; or

(2) the average monthly balance in his inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit

twenty percent (20%) of the plaintiff's preceding monthly income credited to his account, but only when such monthly income exceeds ten dollars ($10), until the plaintiff has paid the $250 filing fee in full.[1] 28 U.S.C.A. § 1915(b)(2). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

To ensure compliance with the fee-assessment procedures outlined above, the Clerk is **DIRECTED** to send copies of this Order to the Sheriff of Johnson County and to the custodian of inmate trust accounts at the Johnson County jail.

In his complaint, the plaintiff lists the following claims (Doc. 3):

1. Inmates who attend church get program credits, whereas inmates who do not attend get no credits;

2. Law library—it would be nice to go to a law library;

3. Inmates cannot go to the dentist for necessary medical care; the plaintiff himself needs immediate dental care;

4. State inmates are housed with county inmates, rather than being housed in separate quarters where they could enjoy the same privileges as state inmates confined in state prisons;

5. Guards dispense medication to inmates;

6. Inmates have no privacy when showering or using the toilet because there are no curtains or shower doors at the jail;

---

[1] Send all remittances to:
> Clerk's Office, USDC
> 220 West Depot Street, Suite 200
> Greeneville, TN 37743.

2

7. The nurse disrespects inmates by cursing them;

8. There is no dietician at the jail; the kitchen does not work; and inmates are fed T.V. dinners, which do not supply them with a balanced 2,000 calorie diet;

9. Inmates might receive outdoor exercise once every three weeks, and that is "iffy;"

10. Inmates are charged $5.00 for aspirin (which should cost $3.00) and to see a nurse, who then simply tells them that they "are fine;"

11. State inmates in state facilities do not pay tax on commissary items, unlike state inmates housed in the jail;

12. Inmates in state prisons are permitted contact visits, whereas inmates in the jail must visit with their families by means of a video screen; and

13. Inmates in the Johnson County facility are not offered work, educational, or substance abuse programs, much less 2-for-1 program credits.

First of all, to the extent that the plaintiff is advancing claims on behalf of other prisoners in the Johnson County jail, he has no standing to assert the rights of others. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). This is so because "[a] prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Corn v. Sparkman,* 82 F.3d 417 (Table, text at 1996 WL 185753, *1 (6th Cir. April 17, 1996). Therefore, all allegations with respect to other prisoners housed in the Johnson County jail are **DISMISSED** on this basis.

3

As to the remaining claims, a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.1998). Satisfaction of this requirement entails filing a grievance naming each person latter named as a defendant in the federal lawsuit. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner bears the burden of showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104. Every single claim must be exhausted through the grievance system, since the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the jail has a prisoner grievance procedure; that he filed grievance forms and did not receive responses; and that using the grievance system "seems to be a waste of time." The plaintiff has not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. *See Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions, there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the facts underlying his each of his § 1983 claims to the jail authorities. *Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). A prisoner's subjective belief that it would be futile to present the facts underlying his federal claims through a grievance procedure is insufficient to satisfy § 1997e's exhaustion requirement. *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's allegation that, if he had filed a grievance, prison officials would not have responded does not excuse his failure to exhaust).

The Court has reviewed the plaintiff's allegations concerning the exhaustion

5

issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint.[2] Accordingly, because the plaintiff has the burden of showing exhaustion of administrative remedies because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice on that ground.

    A separate order will enter.

        ENTER:

          s/Thomas Gray Hull
          THOMAS GRAY HULL
            SENIOR U. S. DISTRICT JUDGE

---

[2] A prisoner who makes detailed averments as to <u>every</u> claim raised in his complaint, specifically describing the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and the outcome of those proceedings, exhausts his administrative remedies. *Boyd*, 380 F.3d at 996-97. This is so, regardless of whether he receives a response to his grievance. *Id.* If and when the plaintiff exhausts his administrative remedies, he may refile his complaint and plead exhaustion *with sufficient detail* to meet the Sixth Circuit's heightened pleading requirement, assuming that the relevant statute of limitations has not run. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002).